Filed 11/6/15  P. v. Harrell CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063431 |
| v. | (Super.Ct.No. FWV036332) |
| JOSHUA HARRELL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed.

Joshua Harrell, in pro. per.; Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

### STATEMENT OF THE CASE

On December 28, 2005, an information charged defendant and appellant Joshua Harrell with one count of second degree robbery under Penal Code section 211.  On

March 7, 2006, a jury found defendant guilty as charged. On April 5, 2006, the trial court sentenced defendant to the low term of two years.

On January 14, 2015, defendant filed a motion to have his felony designated as a misdemeanor under the newly enacted Penal Code section 1170.18 (Proposition 47). The People requested that the court summarily deny the motion because defendant's conviction under Penal Code section 211 was excluded from relief under Proposition 47. On April 9, 2015, the trial court determined that a violation of Penal Code section 211 was ineligible for relief under Penal Code section 1170.18, and denied defendant's motion. On April 28, 2015, defendant filed a timely notice of appeal.

## STATEMENT OF FACTS[1]

"Through the use of a Korean translator, Jung Hee Kim ('the victim') testified that on the morning of December 8, 2005, she went shopping at the Home Goods store in Rancho Cucamonga. While looking at some blankets on the shelves, the victim momentarily left her purse unattended in her shopping cart's child seat. When the victim turned back around, she realized her purse was gone.

"She looked up from the shopping cart and saw defendant walking away. She caught up to him and said that her 'hand bag [had] disappeared.' The victim knew defendant had her purse tucked away in his jacket, so she tried to stop him from leaving the store. Walking along side defendant, the victim screamed, "'help me, help me.'"

---

[1] The Statement of facts is taken from our opinion in the underlying appeal. (*People v. Harrell* (May 10, 2007, E040439) [nonpub. opn.].)

When she actually saw the purse inside defendant's jacket, she grabbed the left side of the jacket.

"At this point, the victim's testimony regarding the events became confusing. The victim testified that when she grabbed defendant's jacket, he 'just snatched it away from [the victim] [and] then ran away.' The victim clarified that defendant never actually touched or pushed her, but she fell down after grabbing defendant's jacket. The clearest description from the victim was that defendant 'just snatched [his jacket] so he could get away.'

"Shortly thereafter, the police apprehended defendant and returned the victim's purse."

**DISCUSSION**

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. On October 26, 2015, defendant filed a three-page handwritten brief. In his brief, defendant appears to be arguing that his conviction for robbery under Penal Code section 211 is not supported by substantial evidence. Defendant contends that when he "took the purse from the abandoned shopping cart there was no intent or purpose with the added element of force, fear, or threats. [Penal Code section] 211." Without the added

3

element of force or fear, defendant claims his offense was a simple theft. Hence, defendant claims that his conviction for robbery, which he claims was a theft, should have been reduced to a misdemeanor. Defendant's contention is without merit. Defendant, in his appeal from the underlying conviction, made an identical argument. In that appeal, defendant challenged the sufficiency of the evidence in establishing the "force" element in the crime of robbery. We found that substantial evidence supported a finding of force and affirmed defendant's conviction for robbery. (*People v. Harrell*, *supra*, E040439, pp. 5-6, 10.) On this appeal, defendant is foreclosed from challenging his conviction for robbery again. Therefore, because defendant was convicted for robbery under Penal Code section 211, he is ineligible to have his conviction reduced from a felony to a misdemeanor under Penal Code section 1170.18.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                     J.

We concur:

RAMIREZ _____
                      P. J.

KING _____
                      J.

4